IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRODERICK E. JACKSON, JR.                                                                    PLAINTIFF

       v.                              Civil No. 13-6098

DREAM REDIC YOUNG, Health
Services Administrator, Ouachita River
Correctional Unit (ORCU); MS. J.
HOSMAN, Classification Officer (ORCU);
MS. BROTHERTON, Executive Classification
Officer, ORCU; and CHARLES DILLON
LEDBETTER, Field Officer, OCRU                                                               DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

    This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2014), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

    Before me for issuance of this report and recommendation is a motion to dismiss (ECF No. 14) filed by Separate Defendant Dream Redic Young. Plaintiff has not responded to the motion.

**1. Background**

    Plaintiff is an inmate of the Arkansas Department of Correction (ADC), Ouachita River Correctional Unit (ORCU), located in Malvern, Arkansas. According to the allegations of the complaint, Plaintiff, on some unspecified date, lost his left kidney as a result of being shot. When he walks, Plaintiff maintains he suffers excruciating pain. When he strains, Plaintiff states he shakes, sweats profusely, becomes dehydrated, and suffers excruciating pain.

    In late April of 2013, Plaintiff states he was medically assessed by Correctional Medical Services physician, Dr. Murphy. Despite his medical condition, Plaintiff states he was assigned a medical classification that resulted in his being put on squad duty. Plaintiff was assigned to work in the "sun all day swinging a hoe."

    On May 29th, Plaintiff complained that his "wind" was being "cut very short" and he was

"dehydrating." At lunch, Plaintiff began shaking so much he could barely hold his spoon. He informed Corporal Charles Ledbetter of this and was returned to his unit. Plaintiff then submitted a medical request.

Apparently, a similar situation occurred on June 10th. *See* ECF No. 2 at pg. 12. On that day, Plaintiff complained of being dizzy and too hot. *Id.* Corporal Ledbetter took Plaintiff to the infirmary when he only complained of his kidney hurting him. *Id.* Plaintiff was charged with a major disciplinary. *Id.* Following this incident, new medical restrictions were placed on Plaintiff that began on June 11th and ended on December 31st. *Id.* at pg. 15.

### 2.  Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3.  Discussion

Separate Defendant Dream Redic Young has moved for dismissal on the grounds that the complaint fails to allege any facts sufficient to state a claim against her. Young is an employee of Corizon, Inc., and was at all times relevant to this complaint the Health Services Administrator at the ORCU. Corizon was at all relevant times a private healthcare provider under contract to furnish

medical services to inmates housed by the ADC.

The only place Young's name appears in the complaint is where she is listed as a Defendant and on page 4 of the complaint when he alleges that the ORCU officials hurt him on purpose. Young's name is added to this section, it appears almost as an after thought, because it is written above the words "Ouachita River Corr. Unit." *See* ECF No. 2 at pg. 4. He does not identify any specific actions taken by Young, does not allege that she was involved in his medical assessment, in his classification, or in his work assignment.

Liability under § 1983 requires some personal or direct involvement in the alleged unconstitutional action. *See e.g., Ripson v. Alles*, 21 F.3d 805, 808-09 (8th Cir. 1994). A supervisory employee may not be held liable merely because she has general supervisory authority over a department or a given person. *See e.g., Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). "Supervisors can, however, incur liability for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012)(internal quotation marks and citation omitted). In this case, Plaintiff has failed to pled sufficient facts to state a plausible claim against Young.

### 4.  Conclusion

For the reasons stated, I recommend that the motion to dismiss (ECF No. 14) filed by the Separate Defendant Dream Redic Young be granted and all claims against her dismissed.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 13th day of June 2014.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE